A06A0844. CRISP REGIONAL HOSPITAL, INC. et al.
v. SANDERS.
A06A0845. PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.
v. SANDERS.
(636 SE2d 123)

ADAMS, Judge.

Plaintiff Mary Ann Sanders filed a medical malpractice action against, inter alia, Crisp Regional Hospital, Inc. and Phoebe Putney Memorial Hospital, Inc. on February 2, 2004. When the Tort Reform Act of 2005 became effective the following year, defendants sent plaintiff a medical authorization form which they contended she was required to sign in order to comply with newly enacted OCGA § 9-11-9.2.[1] Plaintiff refused to execute the authorization defendants provided to her, and instead moved for a protective order so that she would not be required to execute the form sent to her by the defendants or to provide the medical authorization form required by OCGA § 9-11-9.2. Plaintiff attached a "Conditional Medical Authorization Form" to her motion, to be used in the event that the court ruled that she was required to comply with OCGA § 9-11-9.2. This authorization, unlike the form sent to her by the defendants, expressly did not allow defendants' counsel to engage in ex parte communications with her doctors.

Defendants moved to dismiss plaintiff's complaint due to her failure to comply with OCGA § 9-11-9.2, or in the alternative, moved to compel compliance with that section. Although the parties raised

---

[1] Pursuant to that section, a plaintiff filing a medical malpractice action must file, contemporaneously with the complaint, an authorization form allowing the defendant's attorney the right to discuss her care and treatment with all of her treating physicians. Subsection (a) further provides that failure to provide the authorization "shall subject the complaint to dismissal."

several issues in their respective motions, the trial court addressed only one — whether OCGA § 9-11-9.2 is preempted by the Health Insurance Portability and Accountability Act of 1996. Pub. L. No. 104-191; 42 USC § 1320d et seq. (HIPAA). The trial court found that HIPAA preempted the state law, and accordingly, granted plaintiff's motion for protective order and denied defendants' motions to dismiss. We granted defendants' applications for interlocutory appeal to review this issue.

The identical issue raised in this appeal — whether HIPAA preempts OCGA § 9-11-9.2 — was recently decided as a matter of first impression by this Court in *Northlake Med. Center v. Queen*, 280 Ga. App. 510 (2) (634 SE2d 486) (2006). See also *Allen v. Wright*, 280 Ga. App. 554 (1) (634 SE2d 518) (2006) (adopting the reasoning of *Northlake* on this issue). We find this binding precedent also to be controlling in this case. It follows that the trial court did not err by granting plaintiff's motion for protective order and denying defendants' motions to dismiss.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED AUGUST 31, 2006.

*Hall, Booth, Smith & Slover, Anthony A. Rowell, Thomas M. Burke, Jr., Michael G. Frick*, for appellants (case no. A06A0844).

*Langley & Lee, William H. Gregory II*, for appellant (case no. A06A0845).

*Adams & Adams, Charles R. Adams III, O'Neal, Brown & Clark, Manley F. Brown, John C. Clark, Walker, Hulbert, Gray & Byrd, Charles W. Byrd, Tracey L. Dellacona*, for appellee.

*Robertson, Bodoh & Nasrallah, Matthew G. Nasrallah*, amicus curiae.